**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

EDUARDO DIAZ-SOLER,

      Plaintiff,

v.                                        CASE NO: 8:09-cv-1866-T-26MAP

UNITED STATES OF AMERICA,

      Defendant.

_____/

**O R D E R**

Plaintiff, proceeding *pro se*, has filed a timely motion to vacate pursuant to 28

U.S.C. § 2255.  The Court has undertaken a prompt preliminary review of the motion,

together with the record in the underlying criminal proceeding,[1] as required by Rule 4(b)

of the Rules Governing Section 2255 Proceedings for the United States District Courts.

After doing so, the Court concludes that the motion is due to be summarily dismissed

without the need for a response from Defendant or an evidentiary hearing because it

plainly appears from the face of the motion and the prior criminal proceedings that

Plaintiff is entitled to no relief inasmuch as Plaintiff's two claims of ineffective assistance

of counsel are affirmatively contradicted by the record of those proceedings.  See Aron v.

United States, 291 F.3d 708, 715 (11th Cir. 2002) (reiterating "that a district court is not

_____

[1]  See case number 8:07-cr-475-T-26MSS.

required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record . . .") (citing <u>Holmes v. United States</u>, 876 F.2d 1545, 1553 (11th Cir. 1989)).

A federal grand jury indicted Plaintiff and ten other individuals for the crime of conspiracy to manufacture more than one-thousand (1,000) marijuana plants.[2]  Plaintiff pleaded guilty to this offense pursuant to a written plea agreement.[3]  He subsequently filed a motion to withdraw his plea, which the Court denied.[4]  The Court later sentenced Plaintiff to a minimum mandatory term of ten (10) years imprisonment followed by sixty (60) months of supervised release.[5]  Plaintiff appealed, and the Eleventh Circuit Court of Appeals affirmed in an unpublished opinion.[6]  Plaintiff now seeks relief under the auspices of 2255.

Plaintiff raises two claims, both of which are conclusively refuted by the record in the underlying criminal proceedings.  He first contends that he signed his plea agreement based upon erroneous advice of counsel in that counsel represented he would be sentenced to a term no greater than twenty-four (24) months of imprisonment.  Plaintiff

---

[2]  <u>See</u> <u>id.</u>, docket 35.

[3]  <u>See</u> <u>id.</u>, docket 132 (plea agreement) and docket 385 (transcript of plea proceedings).

[4]  <u>See</u> <u>id.</u>, docket 324 (motion) and docket 325 (order).

[5]  <u>See</u> <u>id.</u>, docket 330 (judgment in a criminal case) and docket 353 (transcript of sentencing proceedings).

[6]  <u>See</u> <u>id.</u>, docket 391.

further alleges under this claim that if counsel would have explained he could receive a ten (10) year sentence, he would not have signed the plea agreement.  In his second ground for relief, Plaintiff claims that his counsel was ineffective for not insuring that he entered into his plea agreement knowingly and voluntarily.  Plaintiff specifically contends in that regard that the terms of the plea agreement were not conveyed to him accurately by the Spanish interpreter prior to his executing the agreement.

As to the first claim, the transcript of the plea proceedings conclusively establishes that this Court personally advised Plaintiff, and Plaintiff acknowledged under oath his full understanding of the critical fact, that if he did not qualify for the "safety valve" provision, that the Court had no other alternative but to sentence him to a minimum mandatory term of ten years.[7]  As to the second claim, the transcript unequivocally reflects, according to Plaintiff's sworn answers to the Court's questions, that at the time the plea agreement was explained to him by his attorney through the medium of a Spanish interpreter that he had no problems communicating with his attorney.[8]  The Court would further observe that Plaintiff further advised the Court under oath that before he executed the plea agreement he reviewed it thoroughly and completely with his attorney and was entering into each and every provision of the agreement "freely,

---

[7]  See id., docket 385, pages 11-12 and 21-22.

[8]  See id., docket 385, pages 9-10.

voluntarily, knowingly and intelligently because it's what [he] wanted to do and for no other reason[.]"[9]

In light of the careful and detailed plea colloquy that appears in the record of the underlying criminal proceedings, Plaintiff is now collaterally estopped from claiming that his plea of guilty based on a plea agreement was not freely, voluntarily, knowingly, and intelligently entered into because it is well settled in this Circuit that a defendant will not be heard to complain in a collateral proceeding that he swore falsely at his plea proceedings.  See United States v. Barrett, 514 F.2d 1241, 1243 (5th Cir. 1975) (stating that "[a]fter a careful, detailed plea-taking such as appears in this record, a defendant will not later be heard to contend that he swore falsely.") (citing Bryan v. United States, 492 F.2d 775); accord United States v. Sanderson, 595 F.2d 1021 (5th Cir. 1974) (observing that "[o]rdinarily, a defendant will not be heard to refute his testimony under oath when pleading guilty.") (citing Barrett).[10]  Under this same rationale, Plaintiff should not be heard to complain about his attorney's performance with respect to his plea agreement after assuring this Court under oath that he was fully and completely satisfied with the

---

[9]   See id., docket 385, pages 17-18.

[10]   In Bonner v. City of Prichard 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

advice and representation his attorney gave him with regard to his decision to enter a plea of guilty based on that agreement.[11]

ACCORDINGLY, for the reasons expressed, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Vacate (Dkt. 1) is **summarily dismissed**.  The clerk is directed to enter judgment for Defendant and to **CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, on September 15, 2009.


    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**


<u>**COPIES FURNISHED TO**</u>:
Counsel of Record

---

[11]   <u>See</u> case number 8:07-cr-47-T-26MSS, docket 385, page 18.